IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JASMINE M. RHODALL,<br><br>    Plaintiff(s),<br><br>vs.<br><br>VERIZON COMMUNICATIONS, INC.,<br><br>    Defendant. | **COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff, complaining of the Defendant above-named, would show this Court as follows:

### JURISDICTION

1. The State of Residence of Plaintiff is the State of South Carolina.
2. Defendant is a corporation organized under the laws of the State of Delaware, headquartered in the State of New York, with its principal place of business in the State of New York.
3. This Court has jurisdiction over the parties and subject matter of this action based on the diversity between the Plaintiffs and Defendants, and based on the fact that the sum or value of the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 USC §1332.
4. As an additional basis for jurisdiction, certain of the civil actions contained herein arise under the laws of the United States of America, including the

1

Fair Credit Reporting Act, 15 USC §1681, et. seq., and the Fair Credit Billing Act, 15 USC §1666, et. seq.

## FACTUAL ALLEGATIONS

5. On or about December 31, 2009, Plaintiff visited Defendant's store at Aiken Mall, South Carolina concerning the purchase of a cell phone and service.

6. Plaintiff entered into a service plan with Defendant for the phone and service; the contract provided for a 30 day trial period to ensure Plaintiff's satisfaction with the phone and/or service.

7. Plaintiff discovered, after entering into the service plan, that the phone and/or cellular reception was not satisfactory and, on or about January 28, 2010, Plaintiff visited Defendant's store to cancel the plan and return the phone.

8. Despite Plaintiff's cancellation, on or about February 18, 2010 Plaintiff received a billing statement from Defendant. The bill indicated that the phone and/or account was still active.

9. Upon further investigation, Plaintiff discovered that employees of Defendant's store, rather than cancelling the account as represented, used the phone and Plaintiff's account for their personal use.

10. On or about February 20, 2010, after learning the above, Plaintiff filed a police report; on that date or thereafter, Plaintiff contacted Defendant and advised of the foregoing criminal activity.

11. Defendant's representatives advised Plaintiff that the matter would be "taken care of." Plaintiff thereafter submitted fraud reports to Defendant.

12. Despite Defendant's representation, Plaintiff continued to receive billing statements which increased in amount, and indicated that service had not been terminated.

13. On numerous occasions, Plaintiff contacted Defendant and advised that the account was fraudulent and disputed; despite Defendant's repeated assurances, Plaintiff continued to receive billing statements which indicated a delinquent balance in excess of $900.00.

14. Upon information and belief, in or around August of 2010, Defendant referred the account to a collection agency known as ER Collection or ERS, which then began to dun Plaintiff for payment on the fraudulent account.

15. Upon information and belief, ER or ERS was placed on actual notice of Plaintiff's dispute.

16. Upon information and belief, after the account was returned to Defendant by the above collector, presumably based on Plaintiff's dispute and notice of fraud, Defendant then referred the account to a second collector known as Vantage Sourcing, which then began dunning attempts of its own.

17. In or around September of 2010, Plaintiff obtained a copy of her credit report from Experian, Equifax, and Trans Union, and learned that the Defendant had reported the account as delinquent, and in collections to each agency, without even noting Plaintiff's dispute.

18. On or about October 7, 2010, Plaintiff disputed Defendant's false reporting to each credit reporting agency.

19. Defendant thereafter received notice of the Plaintiff's dispute as provided by FCRA procedure.

20. Notwithstanding the foregoing, and Defendant's actual or constructive knowledge that the account was fraudulent (and had been used fraudulently by its own employees) Defendant failed to conduct any adequate reinvestigation of Plaintiff's dispute.

21. As a direct and proximate result of Defendant's failure and or negligent, willful, and reckless reinvestigation, Defendant verified its reporting as accurate to all three agencies.

22. As a direct and proximate result of Defendant's wrongful activities, Plaintiff remains obligated on a fraudulent account, has suffered a loss of creditworthiness and damage to her reputation, has expended numerous hours attempting to rectify the situation, and has suffered extreme emotional distress, and other losses as may be shown at trial.

## FOR A FIRST CAUSE OF ACTION

### (Violation of FCBA)

23. The above paragraphs are re-alleged as if repeated herein verbatim, to the extent not inconsistent with the allegations of this cause of action.

24. Defendant is a "creditor" as defined in the Fair Credit Billing Act, 15 U.S.C. § 1620(f), and the Fair Debt Collection Practices Act, 15 U.S.C. §

1692a(4), and "debt collector(s)" as defined by the South Carolina Consumer Protection Code.

25. Plaintiff participated in a service contract with Defendant.
26. Plaintiff gave Defendant proper notice of improper or unauthorized charges made on his account, pursuant to Regulation Z, 12 C.F.R. § 226.12.
27. The actions of Defendant violated the Fair Credit Billing Act.  These violations include, but are not limited to, the following:
28. Attempting to collect on an alleged debt without providing Plaintiff with a written acknowledgment of the dispute of the account or a written explanation of why Defendant believed the account was correct, in violation of 15 U.S.C. § 1666(a);

   a. Reporting the account of Plaintiff to credit reporting agencies without satisfying the requirements of 15 U.S.C. § 1666(d) and by failing to report his account as disputed when supplying information to credit reporting agencies in violation of 15 U.S.C. § 1666a(a) and (b);
   b. Threatening to report adversely on the credit standing of Plaintiff during the pendency of correction of billing error procedures.
   c. Failing to promptly investigate unauthorized or erroneous charges made against the account of Plaintiff.
   d. Attempting to charge interest and fees on, or which were caused by or related to unauthorized, disputed charges.

29. As a result of these violations of the Fair Credit Billing Act, Defendant

forfeits the right to collect any part of the disputed amount, entitling Plaintiff to a judgment ordering the forfeiture of the disputed amount, as well as actual damages, statutory damages, costs and attorney's fees, all in an amount to be determined by the trier of fact.

## FOR A SECOND CAUSE OF ACTION

### (Violation of FCRA)

30. The above allegations are repeated and realleged herein as if set forth verbatim, to the extent not inconsistent with the allegations of this cause of action.

31. Defendant Verizon is a furnisher of information as defined in the Fair Credit Reporting Act, as amended.

32. After being notified by the Plaintiff and consumer reporting agencies that derogatory information was disputed by the Plaintiff, Defendant Verizon failed to conduct timely or proper investigations of the disputed information.  Thereafter, said creditor- Defendant negligently and willfully re-reported inaccurate information to consumer reporting agencies, without noting that the account was disputed, thereby violating the provisions of the Fair Credit Reporting Act regarding reinvestigation.

33. Defendant Verizon, through its actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

34. Defendant maliciously and/or with willful intent to injure, defamed Plaintiff.

35. In addition to actual or compensatory damages, a judgment should be granted to Plaintiff in a sum to be assessed by the trier of fact for

6

punitive/exemplary damages under state law, and/or for willful violation(s) of the provisions of the Fair Credit Reporting Act or other applicable federal laws.

### FOR A THIRD CAUSE OF ACTION

### (Unfair Trade Practices)

36. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

37. The activities of the Defendant constitute "trade or commerce" as defined by South Carolina Code Section 39-5-10, et.seq., (as amended).

38. The actions of the Defendant, above-described, constitute unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, 39-5-10 et.seq., and are willful violations thereof.

39. The actions of the Defendant have a real and substantial potential for repetition and affect the public interest.

40. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendant, entitling Plaintiff to recover actual damages in an amount to be proven at trial, treble said actual damages, and an award of attorney's fees and costs.

### FOR A FOURTH CAUSE OF ACTION

### (Negligent Hire and Supervision)

41. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with the allegations of this

cause of action.

42. Defendant owed a duty to exercise care in the hiring (or contracting) and supervising employees to work in an area with sensitive customer information.

43. The employee(s) Defendant hired were unfit, incompetent, and unworthy of such assignment, and specficially of providing services inside a business that deals with personal and financial institution, but were nevertheless employed by Defendant.

44. Defendant knew or should have known of the foregoing; nevertheless, Defendant failed to exercise care in its hiring and supervision of employee(s) and/or service providers, and failed to discover the unfitness, dishonesty, and dangerous propensities of the employee(s) and/or service providers.

45. As a direct and proximate result of the negligence of Defendant, injuries have been inflicted upon Plaintiff that may be recovered by way of judgment for actual damages (including emotional and physical distress) punitive damages, costs and attorney's fees, and such other damages as may be shown at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

TROTTER & MAXFIELD, ATTORNEYS

By:    s/ Dave Maxfield
Dave Maxfield, Esquire #6293
1701 Richland Street
Columbia, South Carolina
(803) 799-6000
dave@trotterandmaxfield.com

DATED: December 17, 2010

4820-6323-9688, v. 1